EW Studio, Inc. v AT&T Mobility, LLC (2023 NY Slip Op 02646)

EW Studio, Inc. v AT&T Mobility, LLC

2023 NY Slip Op 02646

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-00773
 (Index No. 712146/20)

[*1]EW Studio, Inc., et al., appellants, et al., plaintiff,
v
AT & T Mobility, LLC, et al., respondents.

Wang Law Office, PLLC, Flushing, NY (Jean Wang of counsel), for appellants.
Faegre Drinker Biddle & Reath LLP, New York, NY (Frank F. Velocci, William A. Wright, and Jennifer G. Chawla of counsel), for respondent AT & T Mobility, LLC.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs EW Studio, Inc., and Gary Liang appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 21, 2021. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were, in effect, to vacate a stay of the action pending arbitration and restore the action to the calendar, and granted that branch of the cross-motion of the defendants Yi Jing Tan and Sagar Group, Inc., which was to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of plaintiffs' motion which were, in effect, to vacate a stay of the action pending arbitration and restore the action to the calendar are granted, and that branch of the cross-motion of the defendants Yi Jing Tan and Sagar Group, Inc., which was to dismiss the complaint insofar as asserted against them is denied.
The plaintiffs commenced this action in March 2009 against the defendants Yi Jing Tan and Sagar Group, Inc. (hereinafter together the Tan defendants), and AT & T Mobility, LLC (hereinafter AT & T), inter alia, to recover damages for breach of a wireless telecommunications products and services contract. In June 2009, the Supreme Court issued an order compelling the parties to arbitrate and staying the action "pending the outcome of arbitration of the dispute," on the basis that the underlying contract included a provision requiring arbitration of any and all claims arising therefrom.
In or about December 2012 and July 2013, the plaintiffs filed, respectively, a demand and an amended demand for arbitration against the defendants. The defendants answered and the parties proceeded through motion practice and discovery before an arbitration panel. In April 2020, the arbitration panel discontinued the arbitration, without prejudice, on the basis that the plaintiffs were unable to continue to pay the costs of arbitration. The arbitration panel noted that the arbitration was "hereby concluded under the AAA's Commercial Arbitration Rules without a decision on the merits of the outstanding claims," and specifically anticipated the case proceeding in court.
In August 2020, the plaintiffs moved, inter alia, in effect, to vacate the stay of the [*2]action and restore the action to the calendar. The defendants opposed the motion, and the Tan defendants cross-moved, among other things, to dismiss the complaint insofar as asserted against them on the ground of abandonment. The Supreme Court, inter alia, denied those branches of the motion and granted that branch of the cross-motion. The plaintiffs EW Studio, Inc., and Gary Liang appeal.
The Supreme Court improperly denied those branches of the plaintiffs' motion which were, in effect, to vacate the stay of the action and restore the action to the calendar. The court incorrectly determined that the plaintiffs were "improperly seek[ing] a second chance at litigating this matter in court." The arbitration was discontinued, without prejudice, by the arbitration panel pursuant to Rule 54 of the Commercial Arbitration Rules of the American Arbitration Association. Notably, the arbitration panel found that the plaintiffs' inability to pay was genuine and that it had been AT & T that had "resisted steps that could have substantially lowered the costs of the case." As AT & T declined to exercise its option to advance the plaintiffs' arbitration costs, the arbitration panel concluded the arbitration under the AAA's Commercial Arbitration Rules without a decision on the merits of the outstanding claims.
This action was stayed "pending the outcome of arbitration of the dispute." The outcome of the arbitration, due to the plaintiffs' inability to pay and AT & T's decision to not advance the plaintiffs' arbitration costs, is that the matter was concluded without a decision on the merits. Accordingly, the stay is lifted on its own terms, and the matter must proceed in court so that the plaintiffs' claims can be adjudicated (see Tillman v Tillman, 825 F3d 1069, 1075-1076 [9th Cir]). To find otherwise would prejudice the plaintiffs, who would have no further recourse in either arbitration or litigation, and directly contradict the order of discontinuance of the arbitration panel, which noted that it was "[f]ar better for the case to proceed in court, based on the extensive record the Parties have established."
Further, the Supreme Court improperly granted that branch of the cross-motion of the Tan defendants which was to dismiss the complaint insofar as asserted against them. The stay of the action went into effect three months after the Tan defendants were served with an amended summons and complaint. As this stay was imposed prior to the expiration of the plaintiffs' time to move against the Tan defendants for leave to enter a default judgment (cf. Deutsche Bank Trust Co. Ams. v Smith, 211 AD3d 1012; HSBC Bank USA, N.A. v Cross, 205 AD3d 779), it cannot be said that the plaintiffs abandoned the action against the Tan defendants by failing to move pursuant to CPLR 3215(c) for leave to enter a default judgment against them.
The remaining contentions of EW Studio, Inc., and Gary Liang need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court